STATE of Missouri, Respondent,

v.

Earsel Larry JOHNSON, Appellant.

No. 48937.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 28, 1985.

Motion for Rehearing and/or Transfer
Denied Aug. 28, 1985.

Application to Transfer Denied
Oct. 16, 1985.

Lew Anthony Kollias, Columbia, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Earsel Larry Johnson, appeals from his convictions, after a jury trial, of burglary in the second degree and stealing. He was sentenced as a persistent offender to fifteen years' imprisonment on each count, with the terms to run consecutively to each other (for a total of thirty years) and consecutive to all other sentences then being served.

Defendant contends the court erred (1) in overruling his request for a mistrial when the prosecutor asked a question of a State's witness and obtained a response, which allegedly indicated defendant was involved in offenses other than those for which he was on trial; (2) in overruling defendant's objection to the prosecutor's argument regarding reasonable doubt; (3) in overruling a motion for mistrial when the prosecutor argued that no one denied the testimony of the State's key witness; and (4) in overruling a motion for mistrial when the prosecutor's argument referred to testimony not in evidence. We affirm.

Defendant does not challenge the sufficiency of the evidence, which, viewed in the light most favorable to the verdict, showed defendant participated in a break-in at a hardware store in Farmington. Virginia Sue Jones, who lived with defendant, testified she was with defendant and another man, Larry Irby, about 11 p.m. on February 24, 1983, in a van owned by Jones. They parked the van and the two men left the vehicle, and Jones fell asleep in the driver's seat. About forty-five minutes later, Irby woke her, moved the van to a spot near the hardware store, and began loading items into the van. Jones did not see defendant at that time; but when the van was loaded, defendant and Irby got into the vehicle and the three left together.

Items identified as having been taken from the store were later found in the house which Jones and defendant shared.

Defendant did not offer any evidence.

Defendant's first point claims the court abused its discretion in overruling his motion for mistrial during redirect examination of Jones. He claims he was prejudiced by remarks which he claims indicated he was involved in offenses other than those for which he was on trial.

Prior to trial, the court had granted defendant's motion in limine to prevent any mention of other criminal activity of defendant. On cross-examination, Jones admitted having pled guilty to two burglary charges and two stealing charges. She was also asked if she had pled guilty to the crime with which defendant was charged, and she answered affirmatively.

On redirect examination, the prosecutor asked Jones: "These charges that you pled guilty to, they involved the defendant, didn't they?" She responded: "Yes, they did."

Defense counsel objected and moved for a mistrial. The court overruled the motion for mistrial, and the prosecutor continued questioning Jones:

[Prosecutor]: Miss Jones, if I may, and I'd like to clarify when I say this charge, I'm referring to the charge against the defendant. You pled guilty to this Gambles' burglary?

[Jones]: I did.

[Prosecutor]: And stealing, is that correct?

[Jones]: Yes.

[Prosecutor]: And that involves this defendant here today, is that correct?

[Jones]: It does.

"The decision to grant a mistrial on mention of defendant's prior criminal activity rests within the trial court's sound discretion.... Mistrial is a drastic remedy, to be granted only with the greatest caution and in extraordinary circumstances." *State v. Gilbert*, 636 S.W.2d 940, 943 (Mo.banc 1982). We do not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning. *See State v. Cannady*, 660 S.W.2d 33, 40 (Mo.App. 1983).

■ The complained of question by the prosecutor was ambiguous. "These charges" could have referred to all four charges—two for burglary and two for stealing. The phrase might have also been meant to be less inclusive, meaning only those two charges involving the crime for which defendant was on trial. The prosecutor stated at trial that this latter meaning was the one he intended.

The last reference to Jones' criminal record prior to the complained of exchange was this exchange between defense counsel and Jones:

[Defense counsel]: Miss Jones, were you charged with this particular offense?

[Jones]: Yes, I was.

[Defense counsel]: And you pled guilty to this particular offense?

[Jones]: Yes.

The jurors' attention was thus focused on Jones' guilty pleas in connection with *this* crime. There was no evidence heard by the jury that Jones' four guilty pleas

involved more than one incident. Further, the prosecutor cleared up any reference to other offenses by his further questioning of Jones.

Under these circumstances, the trial court did not abuse its discretion in overruling the motion for mistrial. Defendant's first point is denied.

■ Defendant next claims the prosecutor, in closing argument, impermissibly defined "reasonable doubt." The prosecutor initially stated his burden of proof was beyond a reasonable doubt, and that his burden was "not a higher burden of proof." Defendant's objection to this statement was overruled, but the court instructed the prosecutor not to define reasonable doubt. The prosecutor said, "I will not try to do so," then continued:

The Court has instructed you the standard is beyond a reasonable doubt. I do not have to prove my case to an absolute certainty. I do not have to prove my case beyond any doubt at all. The standard is reasonable doubt. You must have reasonable doubt. You people on the jury decide what's reasonable and what's not reasonable based on facts and based on evidence. That burden of proof is one I do every day. It's the standard throughout the United States. Every jury deals with that same standard of proof. It's not an impossible standard. It's—

Defense counsel again objected here, and the objection again was overruled. The challenged remarks did not misstate or misdefine the State's burden; therefore no prejudice attached. *State v. Counts*, 671 S.W.2d 818, 820 (Mo.App.1984); *State v. Johnson*, 684 S.W.2d 584, 585 (Mo.App. 1985).

Defendant's second point is denied.[1]

1. We note that as of October 1, 1984, which was after the date of present defendant's trial, a new instruction defining reasonable doubt is mandatory. MAI–CR 2.20. Part of that instruction states:

    A reasonable doubt is a doubt based upon reason and common sense after careful and

impartial consideration of all the evidence in the case.

    Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. The law does not require proof that overcomes every possible doubt. In *State v. Morris*, 680 S.W.2d 315, 317–18 n. 2 (Mo.App.1984), our brethren in the Southern

Defendant next claims the court erred in overruling his objection to the prosecutor's comment in closing argument, when referring to the testimony of witness Jones, that "nobody denied her story." Defendant claims this was an impermissible comment on defendant's failure to testify.

Section 546.270, RSMo (1978) and Rule 27.05(a) forbid references by a prosecutor to a defendant's failure to testify. "Both direct and indirect references are forbidden." *State v. Hill*, 678 S.W.2d 848, 850 (Mo.App.1984). Defendant acknowledges that the "prohibition is against commenting on the failure of the accused to testify; not that the defendant did not offer evidence." *State v. Hutton*, 645 S.W.2d 22, 23–24 (Mo.App.1982).

Critical to determining whether a direct reference to the failure to testify has been made is whether the words 'defendant' or 'accused' and 'testify' or their equivalents have been used....

To be an indirect reference the comment must be the type that, when viewed in context, would cause the jury to infer that the remark referred to the accused's failure to testify. The ultimate question is whether the remark drew the jury's attention to the lack of testimony by defendant. We must examine the remark in the particular context in which it was made.

*Hill*, 678 S.W.2d at 850 (citations omitted).

A violation of the direct and certain test mandates a new trial. The indirect reference test makes the conviction "voidable," meaning a new trial is required only when the reference clearly draws the jury's attention to the defendant's failure to testify. *State v. Chunn*, 657 S.W.2d 292, 294 n. 1 (Mo.App.1983).

We have no direct reference here. Nor is there an indirect reference, because the remark is not the type, when viewed in context, that would draw the jury's atten-

tion to the lack of testimony by defendant. Defendant's third point is denied.

Defendant's fourth and final point claims error in failing to declare a mistrial when the prosecutor argued matters not in evidence. Defendant acknowledges this point was not raised in his motion for new trial and thus was not properly preserved for appeal. We have reviewed the challenged remarks for plain error, Rule 30.20. We find no error, plain or otherwise. Defendant's fourth point is denied.

The judgment of the trial court is affirmed.

DOWD, P.J., and CRIST, J., concur.

---

District, in noting the new instruction, stated: "It is the hope of this court that these provisions will foreclose further random and extemporaneous explanatory references by counsel during voir dire, opening statement, and closing argument." We join in that hope.