**Van JOHNSON, Appellant,**

v.

**Samuel RABAN, Respondent.**

**No. 49401.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 17, 1985.

William L. Webster, Atty. Gen., Mark Edelman, Asst. Atty. Gen., Jefferson City, for appellant.

Samuel Raban, St. Louis, pro se.

1. Defendant characterized his defense as "stare decisis." Stare decisis is a doctrine which requires the court to abide by, or adhere to, its decided cases. Black's Law Dictionary 1261 (5th Ed. 1979). Plaintiff interprets the term in his brief as "issue preclusion or res judicata":

CRANDALL, Presiding Judge.

This is an appeal by plaintiff, Van Johnson, from the dismissal with prejudice of his legal malpractice action against defendant, Samuel Raban. We affirm.

This action arose as a result of defendant's representation of plaintiff in an earlier criminal trial. Plaintiff alleges that defendant's performance in that proceeding was deficient in that defendant failed to conduct appropriate pre-trial investigations, to interview or depose State's witnesses, and to interview or elicit testimony from a co-defendant.

Before addressing plaintiff's specific points on appeal, we trace the history of the underlying criminal action which led to the present legal malpractice action. Defendant-attorney was appointed to defend plaintiff (defendant below) on a charge of robbery in the first degree. Plaintiff was tried, convicted, and sentenced to 25 years imprisonment. On direct appeal, this court affirmed his conviction. *State v. Johnson,* 605 S.W.2d 151 (Mo.App.1980). Thereafter, plaintiff, represented by different court-appointed counsel, filed a Rule 27.26 motion, alleging ineffective assistance of counsel. The trial court denied relief on the motion. We affirmed. *Johnson v. State,* 675 S.W.2d 651 (Mo.App.1984).

Plaintiff then brought this action against defendant for malpractice, filing his petition *pro se.* Defendant's answer admitted that he had represented plaintiff in the prior criminal case and denied all the remaining allegations. Defendant then filed a motion to dismiss based upon the collateral estoppel[1] effect of this court's denial of plaintiff's Rule 27.26 motion. He asserted that the denial of the Rule 27.26 motion decided the issue of whether he had represented plaintiff effectively in the prior criminal action and, therefore, plaintiff was precluded from seeking a second adjudica-

"an umbrella term embracing both the concept of claim preclusion and issue preclusion" and including collateral estoppel, which is the effect of a former judgment in a later action based upon a different claim or demand. F. James Jr., Civil Procedure, 549–550 (1965).

tion of that same issue in the present malpractice action. The trial court sustained defendant's motion and dismissed plaintiff's petition with prejudice, holding that "[t]he issue of ineffective assistance of counsel and, thusly, legal malpractice, has already been decided by an appellate court. . . ."

Plaintiff's first two points challenge the procedural manner in which defendant raised the ultimate issue of whether or not this litigation should be permitted to continue. Plaintiff contends that the court erred in dismissing his petition on the basis of issue preclusion because the facts necessary to prove that defense did not appear on the face of his petition and because defendant waived that defense by failing to raise it in his answer.

■ In the present case, defendant raised the affirmative defense of issue preclusion in his motion to dismiss. Although defendant did not characterize it as such, the basis of his motion to dismiss was in essence plaintiff's failure to state a claim upon which relief may be granted. *Defford v. Zurheide-Hermann, Inc.*, 536 S.W.2d 804, 808 (Mo.App.1976). Failure to state a claim upon which relief may be granted can be raised in any pleading or by motion, either at trial or on appeal. Rule 55.27(g)(2). An affirmative defense, such as res judicata or issue preclusion, can be raised in a motion to dismiss if the action would be rendered groundless by uncontroverted facts. *Williams v. Williams*, 497 S.W.2d 415, 417 (Mo.App.1973). To be properly raised in a motion to dismiss, however, an affirmative defense must be supported by evidence. *Id.*

■ Where the evidence refers to material not in the pleadings, such as a prior judgment, the motion may become in effect a motion for summary judgment. *Defford v. Zurheide-Hermann, Inc.*, 536 S.W.2d at 807–808. Rule 55.27(a) provides that notice be given to the parties when a motion to dismiss is treated as a motion for summary judgment in order that they be given the opportunity to present all pertinent material. Here, there is no question about the prior litigation involving plaintiff. As discussed later in this opinion, it is beyond doubt that the present action is interdicted by the doctrine of collateral estoppel. The trial court, therefore, did not err in failing to allow plaintiff to submit evidence in opposition to the motion to dismiss, when it would be unavailing to do so. *Defford v. Zurheide-Hermann, Inc.*, 536 S.W.2d at 808.

■ Alternatively, the trial court's ruling may be treated as a motion to dismiss in which the trial judge simply took judicial notice of the prior litigation of plaintiff involving the identical issue. *See First Nat. Bank of Kansas City v. Christopher*, 624 S.W.2d 474, 479 (Mo.App.1981).

Whether we characterize defendant's motion as a motion for summary judgment, *Defford*, 536 S.W.2d at 807–808, or as a motion to dismiss in which an affirmative defense is properly raised, *Williams*, 497 S.W.2d at 417, is immaterial. The issue of collateral estoppel was clearly before the trial court and was explicitly referred to by the trial judge in his ruling. In arriving at his ruling, the judge did nothing more than consider the existing case law of this state involving plaintiff. Plaintiff's first two points are denied.

The decisive issue is whether the doctrine of collateral estoppel bars plaintiff from bringing this subsequent malpractice action against his attorney. Collateral estoppel, or issue preclusion, provides that a fact judicially determined in one action may not be litigated again in another action involving different issues. *Hudson v. Carr*, 668 S.W.2d 68, 70 (Mo. banc 1984). The test for determining whether the application of collateral estoppel is appropriate is: (1) whether the issue decided in the prior adjudication was *identical* with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is

asserted had a full and fair opportunity to litigate the issue in the prior suit. *Dehner v. City of St. Louis,* 688 S.W.2d 15, 17 (Mo.App.1985). Specific findings are not required to have the effect of precluding new litigation on an issue. "A finding which is implicit in a judgment can also have this effect." *Id.*

With these legal principles in mind we turn to the facts before us. Defendant seeks to utilize collateral estoppel defensively in that he is attempting to prevent plaintiff from presenting evidence to establish that he was negligent in handling the underlying criminal case. *See, e.g., State ex rel. O'Blennis v. Adolph,* 691 S.W.2d 498, 502 (Mo.App.1985). He contends that the denial of plaintiff's Rule 27.26 motion determined the question of ineffective assistance of counsel.

A defendant claiming ineffective assistance of counsel must demonstrate "that counsel's performance was deficient ... [and] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *State v. Chandler,* 698 S.W.2d 844, 847–48 (Mo. banc 1985) (quoting *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). A defendant must show that his attorney's representation fell below an "objective standard of reasonableness." *Strickland,* 104 S.Ct. at 2065.[2] In his brief plaintiff acknowledges that the standard for determining ineffective assistance of counsel in a Rule 27.26 motion is virtually identical with the standard appropriate in a legal malpractice action.

Plaintiff's sole challenge to the preclusive effective of the denial of his Rule 27.26 motion is that the burden of proof in proving ineffective assistance of counsel is greater in a Rule 27.26 motion than in a civil action. *See, e.g., Shaffer v. Terrydale*

*Management Corp.,* 648 S.W.2d 595, 608–609 (Mo.App.1983). He asserts that, because a presumption exists in any 27.26 motion that counsel is competent, *Reynolds v. Mabry,* 574 F.2d 978, 979 (8th Cir.1978), he shouldered a heavier burden in that motion to overcome the presumption of competence than he does now in his legal malpractice action. He contends that the disparity between his burden of proof in the two actions negates using the prior decision on the adequacy of defendant's representation as a bar to the present legal malpractice. *See Shaffer,* 648 S.W.2d at 608–609.

■ We disagree with plaintiff's contention that the burden of proof differs. Rule 27.26(f) provides that "[t]he prisoner has the burden of establishing his grounds for relief by a *preponderance of the evidence.*" (Emphasis added). In a civil action for money damages the burden is on the plaintiff to *cause the jury to believe* a proposition of fact necessary to that plaintiff's recovery. MAI 3.01. Although semantically different, the burden of proof is the same in both proceedings. The presumption of the competence of counsel in a Rule 27.26 proceeding does nothing more than establish which party has the burden of going forward with the evidence. It does not alter either the burden of proof or the standard of care which must be breached to make a submissible case. Both in a Rule 27.26 proceeding and in a civil malpractice action the attorney's performance is presumed to conform to the objective standard of a reasonably competent attorney. In both types of proceedings the plaintiff or petitioner must first go forward with the evidence. In a Rule 27.26 proceeding the petitioner has the burden of proving that the representation by his attorney fell below the applicable standard

---

**2.** The Missouri Supreme Court referred to an earlier decision by that court in which the standard of care for measuring effective assistance of counsel in a 27.26 motion was described as "that degree of performance which conforms to the care and skill of a reasonably competent lawyer rendering similar services under the existing circumstances." *Seales v. State,* 580 S.W.2d 733, 735 (Mo. banc 1979) (citing *Reynolds v. Mabry,* 574 F.2d 978, 979 (8th Cir.1978). The Court found no discernible difference between this earlier test and that set forth in *Strickland. Chandler,* 698 S.W.2d at 848 n. 10.

and that the breach of that duty prejudiced his defense. *See Strickland,* 104 S.Ct. at 2064. In a civil action for legal malpractice, plaintiff must prove that his attorney's representation did not meet the relevant standard and that the breach of that duty caused him injury. The substantial difference between the two proceedings is that the relief granted in a malpractice action is money damages, whereas in a Rule 27.26 proceeding the relief is a vacated sentence.

In the present case, the adequacy of defendant's representation was determined by the direct infusion of that point into plaintiff's Rule 27.26 motion. The denial of that motion met all the criteria for the effective invocation of defensive collateral estoppel. The hearing on the motion decided the same issue of fact present in the malpractice case; the hearing resulted in a judgment on the merits; plaintiff was a party to both cases; and plaintiff had a full and fair opportunity to litigate the issue. The collateral estoppel effect of the previous decision in the Rule 27.26 motion therefore precludes plaintiff from relitigating the issue of defendant's negligence.

Finally, public policy dictates that a person convicted of a crime who has failed in his attack upon his conviction both directly and collaterally should not be permitted to recover against his attorney in a civil malpractice action for damages allegedly arising out of the attorney's handling of his defense. It would undermine the effective administration of the judicial system to ignore completely a prior decision of a court of competent jurisdiction in this state on the same issue which plaintiff seeks to relitigate in a subsequent action. Plaintiff's final point is denied.

The judgment of the trial court is affirmed.

PUDLOWSKI, J., concurs.

SATZ, J., concurs in the result.