**Earsel Larry JOHNSON, Appellant,**

v.

**Lawrence G. SCHMIDT, Respondent.**

**No. WD 38198.**

Missouri Court of Appeals,
Western District.

Sept. 9, 1986.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Nov. 4, 1986.

Application to Transfer Denied
Dec. 16, 1986.

Earsel Larry Johnson, Jefferson City, pro se.

William L. Webster, Atty. Gen., Deborah Neff, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and MANFORD and GAITAN, JJ.

MANFORD, Judge.

This is a civil action seeking damages for legal malpractice. A judgment of dismissal was entered and this appeal was presented. The judgment is affirmed.

Appellant is a prisoner with the Missouri Department of Corrections after his jury conviction for burglary, second degree, and upon his being sentenced as a persistent offender. He presents his claim of legal malpractice pro se. Appellant presents two points which, in summary, charge that the trial court erred in sustaining respondent's Motion to Dismiss because (1) appellant's petition does state a cause of action for relief and respondent is not protected by the doctrine of official immunity, and (2)

the trial court should have sustained his objection to respondent's representation by the Attorney General.

The pertinent facts are as follows:

Appellant was convicted by a jury for the offense of burglary, second degree, and his conviction was affirmed on appeal. *State v. Johnson,* 697 S.W.2d 228 (Mo.App.1985). On January 10, 1986, appellant filed this present action, alleging legal malpractice against respondent arising from respondent's representation of appellant in his criminal conviction. On February 18, 1986, respondent filed a Motion to Dismiss. Respondent's motion was supported by suggestions which argued that appellant's petition failed to state a claim pursuant to Rule 55.27(a)(6) since appellant could show no damages as a result of respondent's representation of appellant. Respondent argued that appellant's claim was premature. Alternatively, respondent claimed that, as a public defender, he was protected by official immunity. Appellant then filed his objection to the representation of respondent by the Attorney General and alleged professional misconduct by virtue of said representation. In turn, respondent filed a response to appellant's objection, seeking sanctions against appellant for the presentment of a frivolous claim. On March 6, 1986, the trial court sustained respondent's motion to dismiss on the basis that appellant's petition failed to state a cause of action because appellant could not show any damages and that respondent was protected from such claim by the doctrine of official immunity. This appeal followed.

Due to the disposition of this appeal, the question of whether respondent is protected from such claims by the doctrine of official immunity is neither reached nor ruled.

■ In order for appellant to proceed on his alleged claim of legal malpractice, he must first allege and establish that the actions or omissions by respondent prevented his acquittal. Appellant's conviction has

been affirmed on appeal. *Johnson, supra.* In addition, appellant has filed *two* Rule 27.26 motions for post-conviction relief, both of which were denied by the circuit court. These motions were appealed and while consolidated, are pending before the Missouri Court of Appeals, Eastern District.[1]

■ The present action is premature, until such time as appellant is successful in securing post-conviction relief upon a finding that he was denied effective assistance of counsel. If appellant is not successful in his pursuit of post-conviction relief, then he is barred by collateral estoppel from pursuing his alleged legal malpractice claim. *Johnson v. Raban,* 702 S.W.2d 134, 138 (Mo.App.1985). Appellant's present action is subject to dismissal upon his failure to allege and show how he has been damaged. Appellant's point (1), without reaching or ruling the question of whether respondent is protected by the doctrine of official immunity, is ruled against appellant.

Under his final point (2), appellant charges that the trial court erred in permitting the Attorney General to represent respondent. Appellant argues that by allowing such representation, the trial court allowed the violation of Rule 4, EC 5–14 and EC 5–15 of the Missouri Code of Professional Responsibility. These rules read as follows:

Interests of Multiple Clients

EC 5–14. Maintaining the independence of professional judgment required of a lawyer precludes his acceptance or continuation of employment that will adversely affect his judgment on behalf of or dilute his loyalty to a client. This problem arises whenever a lawyer is asked to represent two or more clients who may have differing interests, whether such interests be conflicting, inconsistent, diverse, or otherwise discordant.

---

1. This court notes the filing of two Rule 27.26 motions, which is prohibited by the Rule. No explanation for the multiple filings was ascertained, but this court notes that it is a violation of Rule 27.26.

EC 5–15. If a lawyer is requested to undertake or to continue representation of multiple clients having potentially differing interests, he must weigh carefully the possibility that his judgment may be impaired or his loyalty divided if he accepts or continues the employment. He should resolve all doubts against the propriety of the representation. A lawyer should never represent in litigation multiple clients with differing interests; and there are few situations in which he would be justified in representing in litigation multiple clients with potentially differing interests. If a lawyer accepted such employment and the interests did become actually differing, he would have to withdraw from employment with likelihood of resulting hardship on the clients; and for this reason it is preferable that he refuse the employment initially. On the other hand, there are many instances in which a lawyer may properly serve multiple clients having potentially differing interests in matters not involving litigation. If the interests vary only slightly, it is generally likely that the lawyer will not be subjected to an adverse influence and that he can retain his independent judgment on behalf of each client; and if the interests become differing, withdrawal is less likely to have a disruptive effect upon the causes of his clients.

In support of his argument, appellant cites *Blair v. Armontrout,* 626 F.Supp. 512 (W.D.Mo.1985). Appellant contends that representation of respondent by the Attorney General violates the attorney-client relationship between respondent and appellant in that the Attorney General would gain information which would be adverse to appellant's efforts to secure post-conviction relief. Thus, appellant asserts a violation of Rule 4, EC 5–14 and EC 5–15.

In the first instance, *Blair* has no application herein and appellant's reliance thereon is misplaced. In *Blair,* counsel who represented the accused subsequently became a member of the staff of the Attorney General and the federal court held that the office of the Missouri Attorney General was disqualified to participate in further post-conviction review of the conviction of the accused.

Secondly, appellant's "objection" herein was premised upon ethical misconduct because the Attorney General, pursuant to § 600.090, RSMo Supp.1984, assists in the enforcement of liens for and on behalf of the Public Defender. On this appeal, appellant alleges the breach of confidentially. Appellant has failed to preserve anything for review. *See In the Interest of J.Y.,* 637 S.W.2d 670, 673 (Mo. banc 1982). There is nothing to suggest further review by this court for plain error.

■ Appellant attempts to persuade this court that representation by the Attorney General of respondent is analogous to his seeking post-conviction relief, thus, his reliance upon *Blair, supra.* The present action is separate from any post-conviction proceedings. The present action is against trial defense counsel and appellant's claim of privilege was waived when he filed this action against counsel. *See Weinshenk v. Sullivan,* 100 S.W.2d 66, 70 (Mo.App.1937) and *Byers v. Burleson,* 100 F.R.D. 436, 440 (D.C.1983).

Respondent offers up the argument and the analogy that this action, being for alleged legal malpractice, is likened to a Rule 27.26 motion based upon alleged ineffective assistance of counsel. This court thinks that such analogy is sound. To be sure, both the Rule 27.26 motion based upon ineffective assistance of counsel and a proceeding such as the one herein are based upon some act and/or omission allegedly committed by counsel. In a Rule 27.26 proceeding, if the movant has attacked the adequacy of his representation by counsel upon failure of counsel to fully advise movant, then the attorney-client privilege has been waived. *Lansdown v. State,* 472 S.W.2d 342, 346 (Mo.1971); *Jackson v. State,* 540 S.W.2d 607, 610 (Mo.App.1976).

The doctrine of fairness requires that when the adequacy of counsel is challenged either in a rule 27.26 proceeding, legal malpractice proceeding, or any other proceeding, then the previous attorney-client rela-

tionship is waived by the former client, and the former client shall not be heard to complain of such waiver. Evidence introduced stemming from the attorney-client relationship, if otherwise admissible, shall not be subject to any objection upon the alleged violation of the attorney-client relationship in such proceedings.

Appellant seeks money damages against respondent. If appellant had been successful in his claim, then payment of those damages would have to be made from the State Legal Defense Fund, § 105.711, RSMo Supp.1984. The Attorney General is designated to represent defendants named under § 105.711 by virtue of and pursuant to § 105.716, RSMo Supp.1984.

■ Appellant's claim is frivolous on its face. By virtue of and pursuant to Rule 84.19, there is hereby assessed against appellant the sum of One Thousand Five Hundred Dollars ($1,500.00) as damages for the presentment of a frivolous appeal.

The judgment herein is in all respects affirmed.

All concur.