**James P. AHERN, Plaintiff–Appellant,**

v.

**Richard L. TURNER, et al., Defendants–Respondents.**

**No. 54024.**

Missouri Court of Appeals, Eastern District,

Aug. 2, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 7, 1988.

Application to Transfer Denied Oct. 18, 1988.

Nangle & Nangle, Stephen J. Nangle, St. Louis, for plaintiff-appellant.

Evans & Dixon, Edward S. Meyer, St. Louis, for defendants-respondents.

SIMON, Presiding Judge.

Plaintiff, James P. Ahern, appeals the entry of summary judgment in his legal malpractice action against defendant, Richard L. Turner, an attorney. Other defendants, Hillary H. Hallett, an attorney, Turner and Turner, a legal partnership, and Turner and Hallett, a legal partnership, also were the beneficiaries of the trial court's entry of summary judgment in the action. However, plaintiff's appeal concerns Richard L. Turner only.

The underlying action, which forms the basis for the alleged legal malpractice, grew out of an indictment against plaintiff for two counts of vehicular manslaughter and one count of driving while intoxicated. Pursuant to a plea agreement, the State nolle prossed the driving while intoxicated count and plaintiff entered his plea of guilty to the remaining two counts of vehicular manslaughter. Following extensive interrogation by the trial judge pursuant to the mandate of Rule 24.02, the trial judge found that the plea of guilty was voluntarily and intelligently made, with full understanding of the charges and the consequences of his plea of guilty, as well as an

understanding of his rights attending jury trial and the effect of his plea of guilty on those rights. Further, the trial judge found that there was a factual basis for the plea of guilty and accepted the plea of guilty.

Following the acceptance of the plea of guilty, the trial judge ordered a pre-sentence investigation. After receipt of the investigation report and allocution, plaintiff was sentenced to concurrent terms of three years on the vehicular manslaughter counts.

Subsequently, plaintiff filed his petition for post-conviction relief alleging ineffective assistance of counsel, but on June 4, 1986, his motion to dismiss without prejudice was granted.

On March 10, 1986, plaintiff filed an action for legal malpractice against Richard L. Turner and the other defendants. In his petition, plaintiff essentially alleged that as a direct and proximate result of Turner's carelessness and negligence, plaintiff was cajoled and persuaded to plead guilty and the evidence was insufficient for the state to prevail under its burden of proof.

In his amended answer, Turner alleged that plaintiff's cause of action was barred by the doctrine of collateral estoppel. In conjunction therewith, Turner filed a "Motion for Summary Judgment Dismissing Complaint." The motion essentially alleged that plaintiff's plea of guilty precludes him, pursuant to the principle of collateral estoppel, from bringing a legal malpractice action against Turner, relying on *State ex rel O'Blennis v. Adolf*, 691 S.W.2d 498 (Mo.App.1985). Turner further alleged that there is no evidence that the alleged negligent acts were the proximate cause of plaintiff's injury, relying on *Lange v. Marshall*, 622 S.W.2d 237 (Mo.App.1981).

Following arguments on the motion, the trial judge indicated his intent to grant the motion for summary judgment, but stayed the entry of his order pending plaintiff's application for a writ. Plaintiff's request for a writ of prohibition was denied.

After the denial of the writ, the trial judge entered his order granting the motion for summary judgment. The order was directed to Richard L. Turner only. Plaintiff appealed, but his appeal was dismissed because the judgment did not dispose of all the parties. *Ahern v. Turner*, 732 S.W.2d 261 (Mo.App.1987).

Thereafter, the other defendants filed their motion for summary judgment on the same grounds as Turner. The trial court entered its order granting the motion. Plaintiff appeals as to Turner only.

On appeal, plaintiff contends that the trial court erred in entering summary judgment in that: (a) the pleadings raise material issues of fact beyond those previously adjudicated; (b) the issues decided in the prior proceeding are not identical to the issues presented; and, (c) plaintiff's opportunity to fully and fairly adjudicate the issues presented in the present litigation have never been litigated on the merits. We affirm.

The entry of a summary judgment is a drastic remedy for it denies the plaintiff his day in court. Therefore, a summary judgment is proper only when the court determines from the pleadings, depositions, and affidavits in the record that there are no material issues of fact and that the movant is entitled to a judgment as a matter of law. *Gunning v. State Farm Mut. Auto. Ins. Co.*, 598 S.W.2d 479, 481[1, 2] (Mo.App. 1980). On appeal, we review the record in the light most favorable to the party against whom the judgment is rendered. *Seliga Shoe Stores v. City of Maplewood*, 558 S.W.2d 328, 331[1–3] (Mo.App.1977).

Reviewing the record on appeal, we find that the present case is very similar to the factual situation set forth in *O'Blennis, supra*. Plaintiff argues that the operant facts of the present case are readily distinguishable from those in *O'Blennis*.

Although there are differences in the factual situations, (*e.g.*, in *O'Blennis*, the defendant entered his plea of guilty following a vacation of his sentence pursuant to his petition for post-conviction relief) the differences are not distinctive.

Thus, we conclude that the holding in *O'Blennis* is dispositive of the points raised

herein. An extended discussion would not be precedentially beneficial.

Judgment affirmed.

CRANDALL and GRIMM, JJ., concur.