**Earsel Larry JOHNSON, Appellant,**

v.

**Myrna TRICKEY, Appellee.**

No. 88–2716.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1989.

Decided Aug. 10, 1989.

William A. Kohlburn, St. Louis, Mo., for appellant.

Stephen D. Hawke, Jefferson City, Mo., for appellee.

Before ARNOLD and MAGILL, Circuit Judges, and HENLEY, Senior Circuit Judge.

HENLEY, Senior Circuit Judge.

In this appeal, Earsel Larry Johnson, a Missouri prisoner, challenges the district court's final order denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For reversal, Johnson argues that he is entitled to habeas corpus relief because (1) his conviction (for second degree burglary and stealing property valued in excess of $150.00) was obtained through the use of testimony known by the prosecution to have been perjured; (2) his trial counsel rendered ineffective assistance in failing to discover that perjured testimony was used to secure his conviction; and (3) the convicting court lacked jurisdiction because the information under which he was charged failed to allege ownership of the burglarized premises and of the stolen property, an essential element of both the second degree burglary and stealing charges. For the reasons set forth herein, we reverse and remand the case to the district court for an evidentiary hearing on Johnson's first and second claims, and affirm the district court's dismissal of Johnson's third claim.

The above-mentioned conviction arose from Johnson's alleged participation in the February 24, 1983 burglary of Plummer's Gambles Store in Farmington, Missouri. Significantly, prior to Johnson's trial for these charges, he had already been convicted separately of the February 27, 1983 burglary of Plummer's Gambles Store and was acquitted of stealing charges stemming from the same date.

This appeal is concerned solely with Johnson's conviction for the crimes which allegedly occurred on February 24, 1983, which Johnson maintains was secured as a result of the false and perjurious testimony of Virginia Sue Jones. At Johnson's trial, Jones testified that at approximately 11:00 p.m. on February 24, 1983 she, Johnson and a man named Larry Irby drove in Jones's van to Farmington. Once there, the three parked the van and the two men got out; Jones stayed in the van and eventually fell asleep. Approximately forty-five minutes later, Irby returned, awakened Jones, drove the vehicle close to the hardware

store, and began loading certain items. Jones stated that she did not see Johnson at this time, but that after the van was loaded he got in and the three left. Several days later, items identified as having been taken from Plummer's Store were found in a house shared by Johnson and Jones.

On cross-examination, Jones stated that she pleaded guilty to the charges filed against her as the result of her participation in the activities delineated above. Johnson maintains that in fact Jones only pleaded guilty to the February 27, 1983 crime, and that she was not involved in any crime allegedly occurring on February 24, 1983. Thus, Johnson argues, Jones's entire testimony regarding the February 24 charges was false, a fact of which the prosecution was aware since its own records confirm that Jones was charged only with the February 27 incident.

Johnson was convicted by a jury and was sentenced as a persistent offender to two consecutive terms of fifteen years imprisonment. Both his conviction and sentence were affirmed by the Missouri Court of Appeals. *State v. Johnson*, 697 S.W.2d 228 (Mo.Ct.App.1985). Johnson's request for post-conviction relief was denied, after which he commenced the underlying pro se federal habeas corpus action.

In an order dated October 19, 1988, the magistrate to whom the matter had been referred recommended denial of Johnson's request for habeas relief after determining, *inter alia*,[1] that (1) Johnson's claim concerning the prosecution's alleged use of perjured testimony was without merit because "the only discrepancy is that the information filed against Jones states that the offense occurred 'on or about February 27, 1983,' whereas the information filed against [Johnson] alleges the offense occurred 'on or about February 24, 1983,' ... [a difference which is] not sufficient to demonstrate ... that Jones's testimony was false," and that "the record clearly demonstrates that ... Jones pled guilty to

a burglary and stealing charge involving the same business as the one involved in petitioner's trial"; (2) Johnson was not entitled to habeas relief on the basis of his claim of ineffective assistance of counsel because he failed to demonstrate that he was prejudiced by his attorney's alleged ineffectiveness; and (3) each count of the information under which Johnson was charged was legally sufficient to provide notice of the offense charged, and thus Johnson's claim concerning the allegedly defective information was without merit. The magistrate further concluded that in light of these determinations, Johnson's renewed requests for the appointment of counsel and for an evidentiary hearing should be denied as moot. After considering Johnson's objections to the magistrate's report and recommendation, the district court adopted the recommendation in its entirety. This appeal followed.

## A. KNOWING USE OF PERJURED TESTIMONY.

 It is "well established ... that 'a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.'" *United States v. Bagley*, 473 U.S. 667, 678, 105 S.Ct. 3375, 3381–82, 87 L.Ed.2d 481 (1985) (quoting *United States v. Agurs*, 427 U.S. 97, 112, 96 S.Ct. 2392, 2402, 49 L.Ed.2d 342 (1976)). We have reviewed the record in the case at hand and agree with Johnson that Virginia Sue Jones did not plead guilty to, nor was she charged with, the crimes allegedly committed on February 24, 1983. In respects relevant here, the record reflects that Jones only pleaded guilty to burglary and stealing charges stemming from the February 27, 1983 burglary of Plummer's store. Although as indicated *supra*, the district court rejected Johnson's perjured testimo-

---

**1.** Johnson raised numerous grounds in his initial habeas corpus petition, several of which were dismissed in a prior order for failure to state a claim. Johnson deleted various additional claims ruled to have been unexhausted,

and filed an amended petition containing the claims still at issue in this appeal (which were found exhausted), and others apparently now abandoned.

ny claim after finding that "the record ... demonstrates that ... Jones pled guilty to a burglary and stealing charge involving the same business as the one involved in [Johnson's] trial" and that "the only discrepancy [in Jones's testimony] is that the information filed against Jones states that the offenses occurred 'on or about February 27, 1983,' whereas the information filed against [Johnson] alleges that the offenses occurred 'on or about February 24, 1983,'" these findings fail to appreciate the gist of Johnson's claim—that there were two separate crimes occurring in February, 1983 at Plummer's store, that Jones only had knowledge of one (that occurring February 27), that Johnson had already been convicted of the February 27 crime, and that Jones's testimony at Johnson's trial for the February 24 crime was erroneous if not perjurious.

Nothing in the record provides a basis for concluding that Jones had any knowledge of the events of February 24, 1983; quite to the contrary, the fact that Jones testified to having entered a guilty plea with respect to the events transpiring on February 24, 1983 leads us to believe that Jones may have been confused between the two dates, and that her testimony may in fact have concerned the latter date. This belief is further substantiated by Johnson's attachment to his motion for post-conviction relief of a statement prepared by Jones in which she indicated that she was unaware that there were two separate burglaries of the same store, occurring three days apart. In these circumstances, we conclude that the district court clearly erred in holding that the discrepancy between the dates "is not sufficient to demonstrate that Jones's testimony was false." Moreover, we agree with Johnson's assertion that there exists a likelihood that the prosecution knew of the falsity in Jones's testimony since the same prosecuting attorney's office was involved in both of Johnson's cases and in Jones's case. Finally, because the case against Johnson for the

February 24 crimes depended largely upon Jones's testimony, it appears beyond peradventure that there exists a reasonable likelihood that the allegedly false testimony influenced the jury's decision. *See Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972). We therefore hold that Johnson should be granted an evidentiary hearing permitting him to present evidence in support of his claim and enabling the district court to resolve the factual disputes existing in the record. *See Brown v. Lockhart*, 781 F.2d 654, 656 (8th Cir.1986).[2]

## B. INEFFECTIVE ASSISTANCE OF COUNSEL.

As indicated, Johnson also argues that the district court erred in dismissing his claim that his trial attorney rendered ineffective assistance by failing to interview him prior to trial and by resultantly failing to discover the significance of the alleged falsity of Jones's testimony. The district court dismissed this claim after concluding that Johnson had failed to demonstrate prejudice under the standard delineated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In light of our determination that Johnson's knowing use of perjured testimony claim is arguably meritorious, we conclude that Johnson should also be granted an evidentiary hearing on his ineffective assistance of counsel claim.

## C. DEFICIENT BILL OF INFORMATION.

Finally, Johnson challenges the district court's dismissal of his claim that the state trial court lacked jurisdiction because the information under which he was charged omitted the elements of ownership of the burglarized premises and stolen property. The information charged Johnson with burglary of "a building ... possessed by Plummer's Gambles Store" and with stealing property "in the possession of Plum-

---

**2.** Parenthetically, we note that although Johnson raised his claim concerning Jones's allegedly perjurious testimony in his motion for post-conviction relief, the memorandum opinion of the Missouri Court of Appeals, in which the denial of Johnson's motion was affirmed, contains no findings with respect to the claim.

mer's Gambles Store." Johnson argues that these allegations are defective under Missouri law because a store, being property itself, cannot own or possess property.

"The sufficiency of an information is primarily a question of state law." *Wilkerson v. Wyrick,* 806 F.2d 161, 164 (8th Cir.1986), *cert. denied,* 481 U.S. 1071, 107 S.Ct. 2466, 95 L.Ed.2d 875 (1987). On appeal from the denial of Johnson's motion for post-conviction relief, the Missouri Court of Appeals found that "as a matter of law ... there is no constitutional or pleading defect" in the charges at issue. As far as state law is concerned, we are bound by this determination. *See Wilkerson,* 806 F.2d at 164. Thus, the only remaining inquiry in this federal habeas corpus proceeding is whether the information provided sufficient notice to comply with due process. *Id.* We conclude that it did. The information contained the elements of the crimes charged, fairly informed Johnson of the charges to be defended against, and alleged sufficient information to allow Johnson to plead a conviction or an acquittal as a bar to any subsequent prosecution. *See Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974); *United States v. Mallen,* 843 F.2d 1096, 1102 (8th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 130, 102 L.Ed.2d 103 (1988).

In summary, we reverse and remand the case to the district court for an evidentiary hearing on Johnson's knowing use of perjured testimony and ineffective assistance of counsel claims. We affirm the dismissal of Johnson's claim challenging the information.