**F.W.H., Petitioner-Respondent,**

v.

**R.J.H., Respondent-Appellant.**

**No. 49801.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 15, 1986.

Motion for Rehearing and/or Transfer
Denied May 20, 1986.

Fred W. Huska, pro se.

Rita Everding Daniels, pro se.

SIMON, Judge.

Appellant R.J.H. (wife) appeals from the entry by the Circuit Court of the County of St. Louis of satisfaction of judgment of an award in a decree of dissolution. Satisfaction was granted pursuant to the motion of respondent F.W.H. (husband). On appeal, wife alleges that the trial court erred in: (1) ordering the clerk to enter a judgment of complete satisfaction under Rule 74.56 where husband had only made partial satisfaction and the rule does not provide for entry of partial satisfaction of judgment; (2) ordering the clerk to enter complete satisfaction of judgment pursuant to Rule 74.56 where husband did not meet requirements for compliance with such rule; (3) allowing evidence as to location and possession of items of property where location and possession had been decided at a prior hearing; (4) ordering complete satisfaction of judgment where order was not supported by the evidence; (5) entering satisfaction of judgment of the monetary award to wife where payment was made by a disinterested third party and not in the form demanded by wife.

This is the second appeal taken from a marriage dissolution proceeding in which a decree of dissolution was entered September 21, 1982 following a hearing on husband's petition for dissolution. A recitation of the facts may be found in our earlier decision. *F.W.H. v. R.J.H.*, 666 S.W.2d 910 (Mo.App.1984). The facts necessary to a resolution of this appeal will be presented in our consideration of the individual points. However, the procedural history shall be set forth. The September decree disposed of the property except the real property and a few personal property items. The decree was amended December 22, 1982 and wife was awarded additional property. The real property was awarded to husband in a separate hearing. Wife filed an appeal challenging the distribution of certain items of property and the maintenance award. *F.W.H. v. R.J.H.;* 666

S.W.2d 910 (Mo.App.1984). We affirmed the property distribution but reversed with instructions on the issue of maintenance. Following the appeal, several unsuccessful attempts were made to arrange delivery to wife of the awarded property. Frustrated by his inability to deliver the property and satisfy the judgment, husband filed a motion for satisfaction of judgment pursuant to Rules 74.53 and 74.56. A hearing was held on the motion on February 21, 1985 and husband and wife testified concerning the location and possession of properties awarded to wife in the dissolution decree. Wife testified that husband was uncooperative in regard to an agreeable time and date to make delivery. She stated that husband failed to make delivery on the date they had scheduled, but instead made an unexpected appearance, with no prior notice to her and left her property on the front porch when no one answered the door. She stated that she was home, but would not answer the door because she was afraid of him. She also stated that not all of her property had been returned to her and that the last place she had seen it was at husband's residence. Husband testified that wife purposely evaded his attempt to deliver the property. He stated that all items of wife's court awarded property which had been in his possession, had been delivered to her with the exception of twenty items (listed in paragraph b of plaintiff's exhibit J). He stated that he had brought these items to court in his car with the exception of the dust mop which he had forgotten, and that he would deliver them to her with the court's approval. He also stated that he would have brought the items into the courtroom but respondent represented to him that she would not be able to transport them to her parents' home. The court found that all items of property awarded to wife had been delivered, except items listed in paragraph b of plaintiff's exhibit J and four items, a dust mop, beige tablecloth, mop and a bottle of asti spumante, which were found to have been disposed of prior to the decree. The court ordered that those items listed in paragraph b of exhibit J be delivered by

husband to wife that day and further ordered that upon filing by husband of his affidavit setting forth facts indicating the delivery of property had taken place, satisfaction of judgment be entered. Wife filed her motion to vacate which was denied. It is from the trial court's denial of the motion and the entry of complete satisfaction of judgment that this appeal is taken.

Wife's first two points will be considered together. In these points, wife contends that the trial court is without jurisdiction to enter satisfaction of judgment under Rule 74.56 where complete delivery of all items has not taken place, demand for satisfaction has not been made and no refusal to acknowledge satisfaction has occurred, and where the rule does not provide for entry of partial satisfaction. Thus she concludes husband's motion was premature and should have been dismissed and the court erred in ordering satisfaction of judgment.

Rule 74.56 provides in pertinent part that:

If a person receiving satisfaction of judgment shall refuse within a reasonable time after request of party interested therein to acknowledge satisfaction on the record, or cause the same to be done in the manner herein provided, the person so interested may, on notice given, apply to court to have same done, and the court may thereupon order satisfaction to be entered by the clerk, ....

The record reveals that following a hearing on the motion for satisfaction the trial court, having heard testimony of the parties and having considered the evidence, found:

... that all items of property listed on Exhibit J of [husband's] motion have been received by [wife] with the exception of those items listed in paragraph (b). Those items listed in paragraph (b) of Exhibit J shall be delivered by [husband] to [wife] today and [husband] is ordered so to do. Upon filing by [husband] tomorrow of his affidavit setting forth facts indicating the delivery of the

property has taken place, the clerk is ordered to enter a complete satisfaction of judgment.

This is not an order for partial satisfaction as wife contends. It is clear that there is no order to the clerk to enter partial satisfaction nor is there any language in the court's order to effect such an entry. It was following a delivery of the items and the filing of an affidavit to that effect that the entry of satisfaction of judgment was made.

■ Wife contends that the court erred in not dismissing husband's motion for satisfaction of judgment where the statutory requirements of complete delivery, demand for acknowledgment of satisfaction, and a refusal to acknowledge had not been met pursuant to Rule 74.56. There was testimony in the record that the parties were unable to arrange an agreeable time and date for delivery of wife's property items. Wife contends that delivery was not completed because husband failed to deliver the property on the mutually agreed upon date. She also stated that she failed to respond to husband's other delivery attempt because she was terrified of him. Husband testified that unsuccessful attempts were made to return wife's property on several occasions. On appeal, he contends that because his delivery attempts were frustrated he used the motion for satisfaction as a vehicle by which to allow him to deliver the wife's property which he possessed and to attain complete satisfaction of the decree. While the proper course is to deposit the property before the court and then demand satisfaction, we are unwilling to extend the already burdensome litigation to conduct these acts. The court saw the witnesses, heard the testimony and found that all items of wife's property awarded her had been delivered or disposed of prior to the decree with the exception of the twenty items in paragraph b of exhibit J. The court then ordered the husband to deliver these to wife's parents' residence and thereafter file an affidavit to that effect. Following husband's filing of an affidavit stating delivery had been made, the court entered its order for complete satisfaction of judgment. A court has control of its own judgment record and may order the entry of complete satisfaction of a judgment on which payment has been made. *Brosnahan v. Brosnahan*, 516 S.W.2d 812, 814 (Mo.App.1974). Thus, upon finding the property delivered, and the decree award satisfied, the court properly entered its order for complete satisfaction of judgment.

■ In her third point wife contends that the trial court erred in accepting evidence as to location and possession of items of property awarded to wife in decree of dissolution because location and possession were decided at the dissolution hearing and could not be relitigated in the satisfaction of judgment hearing under principles of res judicata and collateral estoppel. In support of this contention she directs us to a consent agreement in which husband and wife agreed to turn over certain property and personal effects held by each belonging to the other and a portion of her testimony in the dissolution proceeding. We have reviewed the legal file and transcript on appeal and have located no findings of fact nor judgment of the court as to location and possession of the items of property at issue on appeal here. In addition the transcript testimony in the dissolution proceeding made specific references only to a carpet, a door, stereo speakers, a desk, and a diamond ring. Aside from this property there was no testimony concerning location and possession of any specific items of property at issue here. The same is true of the consent agreement which was specific as to a carpet and pad, wife's law books and notes, a portable television set, and letters belonging to husband. At the dissolution proceeding, the trial judge designated property as marital and separate and then equitably distributed the marital property. No finding was made as to location or possession of any items. Since the issues of location and possession have not been litigated nor facts found nor adjudication made on the location and possession of disputed property, the doctrines of res judicata and collateral estoppel are not impli-

cated. Thus, the trial court did not err in admitting husband's evidence as to location and possession in the satisfaction of judgment motion hearing.

■ In her fourth point on appeal, wife contends that the trial court's order is not supported by substantial evidence, is against the weight of the evidence, and erroneously declares and applies the law where the evidence shows that husband has not restored the disputed property nor paid value for items he had dissipated. The record reveals that pursuant to husband's motion, a hearing was held in which testimony was taken on the location and possession of wife's court awarded property. The trial court, upon finding that all property with the exception of the items listed in paragraph b of exhibit J and the four items disposed of prior to the decree had been delivered, ordered husband to deliver those items to respondent and file an affidavit to that effect. Husband filed his affidavit and the court ordered complete satisfaction of judgment. On review we shall sustain the decree of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The trier of fact, the trial court, determines the credibility of the witnesses. *Busby v. Busby,* 669 S.W.2d 597, 600 (Mo.App.1984). Here, the trial court heard the testimony, chose to believe the husband, and ordered the delivery of the property not dissipated and further ordered the clerk to enter satisfaction of judgment upon the filing of an affidavit as to the delivery. We shall not reweigh the evidence, but defer to that finding. The record provides substantial evidentiary support for the trial court's order of complete satisfaction of judgment. Point four is meritless.

■ In her final point on appeal, wife contends that the trial court erred in ordering satisfaction of the money judgment in the decree of dissolution. Wife admits that she received a check for $4700, the amount awarded her in the decree. However, she contends that this check does not constitute satisfaction of the monetary award because the check was drafted by a third party who had no interest in the judgment and husband offered no evidence that this third party check was furnished by husband in satisfaction of his obligation to her under the decree. Additionally, wife contends that the check was not in the form of a money order or cashier's check as she had demanded. The evidence shows that the wife received a check for $4700. The trial judge found this check satisfied all cash payments owed to wife by husband and ordered the cash portion of the award satisfied. The finding is supported by substantial evidence, is not against the weight of the evidence, and neither misstates nor misapplies the law. We find no error. The point is without merit.

Judgment affirmed.

KAROHL, P.J., and GARY M. GAERTNER, J., concur.