Ronald **BURTON**, Respondent,

v.

**STATE of Missouri**, Appellant.

No. 51847.

Missouri Court of Appeals,
Eastern District,
Division One.

March 17, 1987.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for appellant.

Kevin C. Curran, Henry B. Robertson, St. Louis, for respondent.

CRIST, Judge.

The State appeals the setting aside and reinstatement, in a successive Rule 27.26 motion, of the findings of fact, conclusions of law and order generated in movant's first Rule 27.26 proceeding. The action appealed from makes possible an appeal from the denial of the prior Rule 27.26 motion. We affirm.

One criminal and three civil suits are involved, thus we believe a chronological recitation of the facts would be helpful.

1981: movant's convictions for attempted first degree robbery and assault with intent to kill with malice aforethought affirmed on direct appeal, *State v. Burton*, 618 S.W.2d 199 (Mo.App. 1981);

2–17–82: movant filed his first Rule 27.26 motion and counsel was appointed to represent him;

6–22–82: movant's first 27.26 motion was denied;

6–28–82: movant's 27.26 counsel sent him a letter informing him that his motion had been denied and stating, "If you have any questions concerning this matter, please contact [counsel]," there was no mention, in that letter, either of movant's right to appeal the adverse Rule 27.26 decision, or of the consequences of a failure to appeal;

10–3–83: movant filed a pro se civil suit against his 27.26 counsel alleging malpractice, one basis for this allegation was the failure to inform movant of his right to appeal the 27.26 ruling;

3–1–84: movant's counsel's motion for a judgment on the pleadings in the malpractice action was sustained without notice to movant that the motion was being considered as a motion for summary judgment;

10–10–85: movant filed his second Rule 27.26 motion alleging abandonment by counsel after his first Rule 27.26 proceeding;

2–7–86: State made a motion to dismiss the second Rule 27.26 motion alleging collateral estoppel by virtue of the resolution of the malpractice action;

7–3–86: State's motion to dismiss was denied, and movant's second Rule 27.26 motion was granted.

Under *Flowers v. State*, 618 S.W.2d 655 (Mo. banc 1981), movant can bring a second Rule 27.26 proceeding, on the issue of whether the failure to appeal the denial of the first Rule 27.26 motion was due to abandonment of the movant by his Rule 27.26 counsel. State argues, however, because of the summary judgment in movant's malpractice suit, he is collaterally estopped from raising, in the successive

Rule 27.26 proceeding, the issue of abandonment by counsel.

■ Collateral estoppel, or issue preclusion, may be applied only after a particularized inquiry into four factors: (1) whether the issue decided in the prior case was identical; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party sought to be estopped had a full and clear opportunity to litigate the issue in the prior suit. *Hudson v. Carr*, 668 S.W.2d 68, 70 (Mo. banc 1984). The parties agree the first and fourth factors are principally at issue in the case.

We believe an analysis of the first factor, identity of issues, is decisive to this case. In movant's second Rule 27.26 motion he asserted abandonment prior to appeal. In his action for malpractice, however, he alleged negligence for various reasons including the failure to file an appeal. As counsel pointed out, in the motion for summary judgment on the pleadings in the malpractice action, movant needed to establish both that counsel was negligent in failing to file an appeal, and if there had been an appeal it would have been decided in movant's favor. *See Eddleman v. Dowd*, 648 S.W.2d 632, 633 (Mo.App.1983).

■ Collateral estoppel does not reach issues which might have been litigated, only those which were necessarily and unambiguously decided. *Dehner v. City of St. Louis*, 688 S.W.2d 15, 17 (Mo.App.1985). Collateral estoppel does not apply when a general judgment leaves it unclear which issues were decided. *Owens v. Government Employees Ins. Co.*, 643 S.W.2d 308, 310 (Mo.App.1982). The judgment entry in the malpractice suit shows only that the motion for summary judgment was sustained after reviewing the pleadings, the appellate decision on movant's criminal conviction, and the written findings of fact made in the first Rule 27.26 proceeding. No new specific findings were made in the malpractice action, specifically, none were made on the issue of abandonment. Such a general judgment cannot be said to have decided there was no negligence, let alone there was no abandonment. This is especially so where movant's malpractice petition did not raise the substantive issues beyond asserting he thought they had merit, and the memorandum in support of the summary judgment relied on the argument that there were no damages in that, on the underlying merits, movant would have lost his appeal.

The issue under *Flowers*, is whether movant waived his appeal, not whether counsel was ineffective. Therefore, State's reliance on *Johnson v. Raban*, 702 S.W.2d 134 (Mo.App.1985) is inapplicable. *Johnson* involves relitigation, in a malpractice action, after an adverse Rule 27.26 proceeding, of the issue of attorney representation at the underlying criminal trial. Movant asserts he did not waive an appeal; that he wanted to appeal but counsel abandoned him. He does not argue counsel's representation was otherwise ineffective. The facts are like that in *Flowers*, not *Johnson*.

Taken under consideration with State's appeal was movant's motion to dismiss the appeal on the grounds the State is not an aggrieved party. Since we affirm the ruling being appealed, we do not need to address this issue.

The judgment setting aside and reinstating the order in movant's first Rule 27.26 proceeding because of abandonment by counsel is affirmed. Movant's appeal from that order denying him relief on the grounds of ineffective assistance of trial counsel was not consolidated with this appeal.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.