Dennis BESAND, Plaintiff–Appellant,

v.

Harold P. GIBBAR, H & G Marine Services, INC., and Lee Ann Besand, Defendants–Respondents.

No. ED 74124.

Missouri Court of Appeals, Eastern District, Southern Division.

Dec. 22, 1998.

Frank J. Elpers, Timothy W. Inman, Gina M. McWilliams, Ste. Genevieve, for appellant.

Richard S. Bender, St. Louis, for respondent.

ROBERT G. DOWD, Jr., Chief Judge.

Dennis Besand (Besand) appeals from a judgment granting summary judgment in favor of Harold P. Gibbar (Gibbar), H & G Marine Services, Inc. (H & G), and Lee Ann Besand (Wife) (collectively Respondents). Besand filed a five-count petition against Respondents for Action for Accounting, Dissolution of Partnership, Tortious Interference with a Business Expectancy, Breach of Fiduciary Duty, Action to Establish a Constructive Trust, and Action for Prima Facie Tort. The trial court granted summary judgment on all counts in Respondents' favor finding that collateral estoppel applied to preclude Besand from litigating the business relationship between Gibbar and H & G because the issue had been determined in Besand's prior dissolution of marriage proceeding. Besand contends the trial court erred in granting summary judgment in favor of Respondents because (1) there was no identity of issues or parties and Besand did not have a full and fair opportunity to litigate the issue of his business relationship in the dissolution proceeding; and (2) the record before the trial court was insufficient to determine whether the factors for collateral estoppel were satisfied. We reverse and remand.

In 1995, Besand and Wife divorced. Pursuant to a Judgment and Decree of Dissolution of Marriage, Wife was awarded one-half of Besand's interest in H & G and GOB Sales and Service. See Besand v. Besand, Perry County Case Number CV793–40DR. The judgment decree provided, in pertinent part:

> One-half of [Besand's] interest in H & G Marine Services, Inc., a Missouri corporation, and GOB Sales and Service, a partnership. Said corporate interest is currently represented by 6,708 shares of Class A common stock held by [Besand] who shall, within thirty (30) days of entry of this Judgment and Decree of Dissolution, cause to be transferred to [Wife] 3,354 of [Besand's] said shares of Class A common stock.

Besand did not appeal the dissolution decree.

Besand and Gibbar had several business ventures together. Besand brought an action against Respondents alleging one such business, H & G, was a shell corporation and served merely as a conduit for carrying out an oral partnership agreement between Besand and Gibbar. Besand filed a Motion for Partial Summary Judgment asking the trial court to find a partnership existed between Besand and Gibbar. Respondents filed a cross-motion for summary judgment on the theory that Besand was collaterally estopped from litigating the business relationship because the dissolution court already determined H & G was a corporation. The trial court granted Respondents' Motion for Summary Judgment declaring that Besand was collaterally estopped from litigating the business relationship between Gibbar and H & G because the issue had been decided in Besand's prior dissolution proceeding. Besand appeals from this judgment.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp., 854 S.W.2d 371, 376 (Mo.1993). When considering appeals from summary judgments, we review the record in the light most favorable to the party against whom summary judgment was entered, and that party is afforded all reasonable inferences that may be drawn from the evidence. Id. at 376. The propriety of summary judgment is a question of law and therefore our review is essentially de novo. Id.

Collateral estoppel is used to preclude litigation of an issue that has already been decided in a previous action. Neurological Medicine, Inc. v. General American Life Ins. Co., 921 S.W.2d 64, 68 (Mo.App. E.D. 1996). Defensive collateral estoppel is used by a defendant to estop a plaintiff from asserting a claim that the plaintiff had previ-

ously litigated and lost against another defendant. *Id.* Collateral estoppel does not reach issues which might have been litigated, but only those which were necessarily and unambiguously decided. *King General Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints,* 821 S.W.2d 495, 501 (Mo. banc 1991). Collateral estoppel does not apply when a general judgment leaves it unclear which issues were decided. *Burton v. State,* 726 S.W.2d 497, 499 (Mo. App. E.D.1987). Four factors must be considered when determining whether collateral estoppel is appropriate: (1) whether the issue decided in the prior adjudication was identical to the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Id.*

The first element of collateral estoppel requires that the issues in the prior and present lawsuits be the same. Besand argues the issues decided in the dissolution proceeding are not identical to the issues presented in this action. Besand asserts the issue of division of property is different from the issue of the business relationship between Besand and Gibbar and H & G. We agree.

The issues in the prior dissolution proceeding involved the division of property between Besand and Wife and the general award of half of the Besand's stock in H & G. The dissolution court made a determination of the nature and extent of ownership interest of Besand and Wife in the corporation. These are not the issues in the present lawsuit. The issues in the present lawsuit involve the business relationship of Besand to Gibbar and H & G and whether that corporation was merely a shell corporation. Besand need not prove any issue which was essential to the determination of the prior dissolution proceeding in the present lawsuit. There is no identity of issues between the two lawsuits.

There is no dispute as to the second and third elements of collateral estoppel. The prior adjudication resulted in a judgment on the merits and Besand was a party to the prior dissolution proceeding. We next turn to the fourth element of collateral estoppel. Besand argues he did not have a full and fair opportunity to litigate the issue of the business relationship in the dissolution proceeding. We agree.

The dissolution proceeding terminated Besand's marriage and divided property. Gibbar and H & G were not parties to the dissolution proceeding. Besand did not have a full and fair opportunity to litigate the business relationship between him and Gibbar and H & G.

Further, because it was discussed at oral argument, we have considered the theory of judicial estoppel. Judicial estoppel applies to prevent litigants from taking a position in one judicial proceeding, thereby obtaining benefits from that position in that instance and later, in a second proceeding, taking a contrary position in order to obtain benefits from such a contrary position at that time. *Jensen v. Jensen,* 877 S.W.2d 131, 135 (Mo.App. E.D.1994). Although the parties made reference to an oral stipulation in the dissolution proceeding, this stipulation was not before the trial court or in the record on appeal. Therefore, we find judicial estoppel inapplicable to the present case.

We find the elements of collateral estoppel have not been met and therefore collateral estoppel does not apply. Summary judgment granted on the basis of collateral estoppel was not appropriate. The case is reversed and remanded. On remand, the trial court may address the merits of the motions for summary judgment.

Reversed and remanded.

CRANE, J., and RICHARD B. TEITELMAN, J., concur.