Marie C. MUELLER,
Plaintiff/Appellant,

v.

LEMAY BANK & TRUST COMPANY,
Defendant/Respondent.

No. 74757.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 20, 1999.

Mary Ann Weems, Clayton, for appellant.

The Barry Law Firm, Gregory F. Herkert, James T. Barry, Jr., Clayton, for respondent.

MARY K. HOFF, Presiding Judge.

Marie C. Mueller (Wife) appeals from the trial court's judgment granting the summary judgment motion filed by Lemay Bank & Trust Company (Bank). We reverse and remand.

The undisputed record reveals the following. In early April 1996, while Wife was married to Robert A. Mueller (Husband), Wife and Husband signed joint federal and state income tax returns for 1995. Later in April 1996, Husband and Wife separated. On May 14, 1996 and May 16, 1996, Husband deposited into Bank Account No. 60–99337 (Account) a total of $7,199.00, consisting of federal ($5,528.00) and state ($1,671.00) income tax refunds (Refunds, collectively) for 1995.

Husband filed a Petition for Dissolution of Marriage (dissolution proceeding) in Oc-

tober of 1996. The trial court's March 1997 judgment and decree (decree) in the dissolution proceeding incorporated a separation agreement, which specified the Account was personal property of Husband. The property itemization in the separation agreement does not specifically indicate the Account included the Refunds. Additionally, neither the trial court's decree nor the separation agreement refers explicitly to the Refunds, mentions who owns the Refunds, or classifies the Refunds as either marital or separate property.

In May 1997, Wife discovered and reported her missing signature on the 1995 tax refund checks. Bank refused to pay Wife one-half the amount of the Refunds. Wife filed suit against Bank in December 1997, alleging wrongful honoring of unauthorized signature and that the wrongful honoring was willful, intentional and malicious. Wife sought relief in the amount of $7,199.00 plus punitive damages of nine percent (9%) interest from May 14, 1996. Bank asserted collateral estoppel and waiver as two of its affirmative defenses.

Bank filed a motion for summary judgment, arguing Wife's claims were barred by collateral estoppel. The trial court granted Bank's summary judgment motion. This appeal followed.

In her first point, Wife argues the trial court erred in granting Bank's summary judgment motion because the pleadings, moving papers and response thereto clearly set forth genuine issues of material fact. Wife contends in her second point that even if there is no genuine issue of material fact, Bank is not entitled to judgment as a matter of law. We will discuss these points together.

■ This Court reviews *de novo* the grant of summary judgment. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We review the record in the light most favorable to the party against whom judgment was entered, and take facts set forth in affidavits and other-

wise in support of the motion as true unless they are contradicted by the nonmoving party's response. *Id.* We use the same criteria the trial court used to determine the appropriateness of summary judgment. *Id.* A summary judgment movant has the burden "to show a right to judgment flowing from [material] facts about which there is no genuine dispute." *Id.* at 378. Importantly, "[t]he key to summary judgment is the undisputed right to judgment as a matter of law; not simply the absence of a fact question." *Id.* at 380; *Combined Communications Corp. v. City of Bridgeton*, 939 S.W.2d 460, 463 (Mo. App. E.D.1996); *Liberty Mut. Ins. Co. v. IGF Ins. Co.*, 888 S.W.2d 757, 758 (Mo. App. E.D.1994); *United States Fidelity & Guar. v. Drazic*, 877 S.W.2d 140, 142 (Mo. App. E.D.1994).

■ The trial court granted summary judgment for Bank based upon the affirmative defense of collateral estoppel. In a subsequent proceeding, a non-party to an earlier adjudication can assert collateral estoppel against a party to the prior suit to bar relitigation of an issue in the subsequent proceeding. *Oates v. Safeco Ins. Co. of Am.*, 583 S.W.2d 713, 719 (Mo. banc 1979) Four factors determine whether a court should apply collateral estoppel:

(1) whether the issue decided in the [prior] adjudication was *identical* with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; ... (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication[; and (4)] whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

*Bresnahan v. May Dep't Stores Co.*, 726 S.W.2d 327, 330 (Mo. banc 1987) (internal quotation marks omitted) (quoting *Oates*, 583 S.W.2d at 719.) We conclude that Wife's entitlement to at least a portion of the Refunds, which is at issue in this proceeding, was not decided in the earlier

dissolution proceeding. Because we find Bank has not satisfied the first element of collateral estoppel, Bank is not entitled to summary judgment. *See F.W.H. v. R.J.H.*, 709 S.W.2d 513 (Mo.App. E.D. 1986).

We have considered the collateral estoppel effect of a property distribution in a dissolution decree on issues pertaining to that property in subsequent civil litigation.[1] In *Besand v. Gibbar*, 982 S.W.2d 808 (Mo.App. E.D.1998), we concluded collateral estoppel did not bar Dennis Besand's (Besand) pursuit of a civil lawsuit against his ex-wife, Harold P. Gibbar (Gibbar), and H & G Marine Services, Inc. (H & G) (collectively, defendants). The civil lawsuit focused on whether H & G was a shell corporation serving "as a conduit for carrying out an oral partnership agreement between Besand and Gibbar." *Id.* at 809. In Besand's earlier dissolution proceeding, his ex-wife was awarded one-half of his interest in H & G. *Id.* In the subsequent civil lawsuit, defendants filed a motion for summary judgment arguing Besand could not now litigate the business relationship because the trial court in the earlier dissolution proceeding had determined H & G was a corporation. *Id.* The trial court found Besand was collaterally estopped from litigating the business relationship between Gibbar and H & G because it was resolved in the earlier dissolution proceeding. *Id.* In reversing the entry of summary judgment we found, in relevant part, that the first collateral estoppel element was not satisfied. *Id.* at 810. As to that element we specifically stated:

> The issues in the prior dissolution proceeding involved the division of property between Besand and [his ex-]Wife and the general award of half of the Besand's stock in H & G. The dissolution court made a determination of the nature and extent of ownership interest of Besand and [his ex-]Wife in the corporation. These are not the issues in the present lawsuit. The issues in the present lawsuit involve the business relationship of Besand to Gibbar and H & G and whether that corporation was merely a shell corporation.

*Id.*

Earlier we found a trial court's award of certain items of personal property to wife through a prior dissolution decree did not collaterally estop husband from presenting evidence of the location and possession of that property in a subsequent proceeding. *F.W.H.*, 709 S.W.2d at 516–17. We concluded the issues of location and possession were not litigated during the earlier dissolution proceeding, in which the trial court designated the property as marital or separate and then distributed it between the parties. *Id.* at 516.[2]

These cases instruct us that a dissolution decree's determination that property is marital or separate and distribution of the property to one of the parties does not end the inquiry as to whether or not that determination estops subsequent litigation of issues pertaining to that property. We must ascertain whether the issue in the subsequent litigation was actually considered and resolved by the trial court in the earlier dissolution proceeding. Here, we find the issue of Wife's entitlement to any portion of the proceeds of the 1995 tax refund checks was not addressed or resolved by the trial court in the earlier dissolution proceeding.

The record before us discloses the parties to the earlier dissolution proceeding litigated ownership of the Account containing the Refunds but did not litigate own-

---

1. Because we find authoritative case law from this district regarding this issue, we do not find persuasive and do not further address the case discussed by the parties, *Missouri Mexican Prods., Inc. v. Dunafon*, 873 S.W.2d 282 (Mo.App. W.D.1994).

2. In particular, we found "no findings of fact nor judgment of the [trial] court [in the dissolution proceeding] as to location and possession of the items of property at issue on appeal here." *Id.*

ership or entitlement to the Refunds themselves. Husband received the Refunds after he had separated from Wife. Husband filed copies of the relevant tax returns as part of the dissolution proceeding, but nothing in our record from the dissolution court indicates Wife was advised or had notice at any time during the dissolution proceeding that the Refunds were in the Account. The Account containing the Refunds was listed by Husband as separate property in the "Statement of Property" he filed upon the filing of his Petition for Dissolution of Marriage. That listing, however, stated the Account contained "$5,000.00," an amount less than the $7,199.00 total amount of the refunds. Moreover, neither the separation agreement nor the dissolution decree makes an express reference to the Refunds.

Upon *de novo* review we find as a matter of law, Bank is not entitled to use collateral estoppel defensively in this case [3] and therefore, is not entitled to entry of summary judgment in its favor.

The trial court's judgment granting Bank's motion for summary judgment is reversed. This matter is remanded to the trial court for further proceedings.

GARY M. GAERTNER, J. and MARY RHODES RUSSELL, J., Concur.

---

**3.** Bank also urges, in part, that Wife relinquished her right to any portion of the Refunds due to a provision of the separation agreement. We find this issue pertinent to Bank's affirmative defense of waiver. Bank did not raise that defense in its summary judgment motion. Therefore, that defense is not before us now. *Cf. Folk v. Countryside Casualty Co.*, 686 S.W.2d 882, 884 (Mo.App. E.D.1985) (distinguishing cases appellant relied on as addressing a different affirmative defense and noting that "review on appeal is limited to the same theories heard by the trial judge").