Douglas DAVIES and Lynette Davies, Respondents,

v.

ESTATE OF Keith BROEGE, Appellant.

No. SD 32378.

Missouri Court of Appeals, Southern District, Division One.

Oct. 15, 2013.

John M. Albright & Daniel T. Moore, Poplar Bluff, for Repondents.

Donald L. O'Keefe, Robyn Greifu Fox & Michael Harrison, Pitzer Snodgrass, P.C., St. Louis, for Appellant.

DANIEL E. SCOTT, J.

Alleging the jury's failure "to follow the court's instructions" in a construction de-

fect case, Defendant[1] seeks (1) remittitur from $255,594 to $6,480, or (2) a new trial. We affirm.

### Background

Plaintiffs bought a new home built by Defendant. Shortly after moving in, they noticed water accumulation in the lower level. Repeated water intrusions over the following months caused a host of problems, including foul smells, soaked carpeting, wall damage, and mold and mushroom growth. Defendant eventually sent crews to clean the house after every hard rain.

Plaintiffs sued, trying their case on a theory of breach of implied warranty of habitability. They offered no "cost of repair" evidence, taking the position that the problem's cause remained unknown and further intrusions could not be prevented. Testifying without objection that the house had no value, Plaintiffs asked for a verdict of $279,000, being the purchase price plus their cost of improvements. In contrast, Defendant's expert opined that the problem could be fixed for $6,480.

The jury awarded Plaintiffs $255,594. Defendant moved for a new trial or remittitur to $6,480 to conform to Defendant's evidence of cost to repair. The trial court denied these motions, finding that the verdict was "consistent with the jury not being persuaded by Defendant's evidence while being persuaded by the evidence offered by Plaintiff."

Defendant now challenges this ruling and renews its claims for remittitur or new trial. Our review, in all respects, is for abuse of discretion. *Evans v. FirstFleet, Inc.,* 345 S.W.3d 297, 308 (Mo.App.2011).

---

1. We refer to the parties by their positions at trial: the respondents as "Plaintiffs" and the

### Claims on Appeal

Defendant charges that the jury disregarded Instruction 6, which was given at Defendant's request over Plaintiffs' objection:

> If you find in favor of plaintiffs, then you must award the plaintiff the lesser of (1) such sum as you may find from the evidence to be the reasonable cost of repair or (2) the difference between the actual value of the home if it had been constructed properly and the value of the home as constructed.

Defendant's arguments for remittitur or new trial are basically the same: (1) this instruction reflects Missouri law; (2) Defendant offered "undisputed" evidence that $6,480 was the cost to repair; (3) thus, the jury could award no more than $6,480 under the instruction and the law.

### Analysis

■ Although Defendant claims the jury did not follow instructions, we must presume the contrary. *See Cole ex rel. Cole v. Warren Cnty. R–III Sch. Dist.,* 23 S.W.3d 756, 759 (Mo.App.2000). Even if we ignored this presumption, we could not reconcile Defendant's current arguments with defense representations at the instruction conference.

■ When Plaintiffs objected to Instruction 6, complaining that it effectively "directs [the jury] right to the $6,400 verdict" (as Defendant *now* claims on appeal), defense counsel assured the trial court otherwise:

> Your Honor, this case set up exactly the way that this instruction is written. [Plaintiffs] presented evidence that there is no repair that could be contemplated to fix the problem so, therefore, their argument is going to be that

appellant (as well as Mr. Broege, who passed away during the litigation) as "Defendant."

they're entitled to complete diminution of the house. That's exactly what they're going to argue. My argument is going to be, if the jury accepts it, that there's a repair in place that's going to correct the problem. *If they believe that and they believe that the repair is appropriate, then I win. If they don't believe the repair is reasonable and that his house has zero value, they win.* But the instruction sets out all of the evidence that the jury has heard.... The problem is in this case we presented in both is a cost to repair and diminution, and those are the two scenarios that the jury has to decide on. That's why I think our instruction is appropriate, not just that it's lesser, but it has to be—you know, you have to find that the repair is appropriate under the circumstances. [emphasis added].

 In persuading the trial court to use Instruction 6, Defendant represented that under that instruction, on this evidence, the jury could do just as it later did. Now Defendant argues the opposite. Suffice it to say that for various reasons, we share the trial court's view that Defendant's original assertion was more persuasive.[2] Points denied. Judgment affirmed.

NANCY STEFFEN RAHMEYER, P.J. and WILLIAM W. FRANCIS, JR., C.J., concur.

2. We would caution litigants against "taking a position in one judicial proceeding, thereby obtaining benefits from that position in that instance and later, in a second proceeding, taking a contrary position in order to obtain benefits from such a contrary position at that time." *Besand v. Gibbar*, 982 S.W.2d 808, 810 (Mo.App.1998).